IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT WALL                                                                                              PETITIONER

VERSUS                                                         CIVIL ACTION NO. 5:08cv234-DCB-MTP

BRUCE PEARSON, et al.                                                                           RESPONDENTS

**MEMORANDUM OPINION**

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner, an inmate incarcerated at the F.C.I.-Yazoo, Yazoo City, Mississippi, has filed this petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 and 28 U.S.C. § 1651.

The petitioner states that on July 2, 2008, the respondents posted a memo stating that "due to an incident that occurred at another Bureau of Prisons facility, no mail will be processed until further notice." Pet. [1] p.1. The petitioner asserts that the respondents' failure to process his legal and personal mail violates his constitutional rights under the First and Fifth Amendments. The petitioner states in his petition that he has a pending motion pursuant to 28 U.S.C. § 2255 "with the courts" which requires him to keep in contact with that court. The petitioner states that since he has demonstrated a clear right to relief that this court should issue the writ of mandamus directing the prison officials "to timely deliver all mail to petitioner."

Analysis

A writ of mandamus is used to compel an officer of the United States or any agency thereof to perform a duty owed to the petitioner. 28 U.S.C. § 1361. For a petitioner to be successful in his request for a writ of mandamus he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." In Re Stone, 118 F.3d 1032, 1034 (5th Cir.1997)(citing United States v. O'Neil, 767 F.2d 1111,

1112 (5th Cir. 1985) (citations omitted); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980)).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). This Court finds that the petitioner does not meet the requirements for this Court to issue a writ of mandamus. The petitioner has other adequate remedies available to him. In the event the petitioner is unable to exercise his constitutional rights as he claims in this petition and he is prejudiced in his access to the courts, he may file a separate civil action asserting same. Moreover, this Court finds that the petitioner has been able to file this writ for mandamus and comply with the orders of this court concerning the instant civil action. The petitioner has also failed to establish that he has been unable to comply with the orders of other courts where he has cases pending causing him to be prejudiced by the actions of the prison officials as a result of the memo posted on July 2, 2008. In the allegations of the instant request for mandamus relief, the petitioner merely expresses speculation that he could not communicate with other courts or his attorney as a result of the memo of July 2, 2008, being posted. Finally, "it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." Id at 403. Consequently, the Court fails to find the drastic remedy of mandamus necessary to petitioner's circumstance.

The petitioner also relies on 28 U.S.C. § 1651 which is commonly known as the "All Writs Act." The All Writs Act does not create an independent basis of jurisdiction. Faith Home Health Services, Inc. v. Shalala, 166 F.3d 341 (5th Cir. 1998) (citing Brittingham v. United States Comm'r of Internal Revenue, 451 F.2d 315, 317 (5th Cir. 1971)). "Moreover, '[t]he All Writs

Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.' " Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (citing Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985)).  In the instant civil action, if and when the petitioner is prejudiced by the denial of the prison officials to process his mail to or from the courts or his attorneys, the primary means to assert such a claim is by filing a civil action at that time.  Therefore, this Court finds that the All Writs Act is not applicable to the instant civil action.

## CONCLUSION

As explained above, this Court finds that the petitioner fails to meet the requirement that mandamus, 28 U.S.C. § 1361, is appropriate under the circumstances of the instant civil action. He also fails to establish that the All Writs Act, 28 U.S.C. § 1651, is applicable under the allegations of this petition.  Therefore, the petitioner is not entitled to the extraordinary remedy of mandamus which he seeks in this action.  Thus, petitioner's request for a writ of mandamus and relief under the All Writs Act is DENIED and this case is hereby DISMISSED.

All pending motions are terminated with the issuance of this Memorandum Opinion.

A final judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED, this the   11th   day of August, 2008.


                                              s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE