IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT WALL                                                              PETITIONER

VERSUS                             CIVIL ACTION NO. 5:08cv234DCB-MTP

BRUCE PEARSON, et al.                                  RESPONDENTS

<u>ORDER</u>

      This cause comes before this Court on petitioner's motion entitled "Notice of Appeal; and Motion for Reconsideration [12]" filed on August 18, 2008.  A review of the record establishes that this cause was dismissed with prejudice on August 11, 2008.  Therefore, since the motion for reconsideration was received within 10 days of the final judgment being entered, this motion will be construed as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1]

      "A Rule 59(e) motion 'calls into question the correctness of a judgment.'"  <u>Templet v. Hydro Chem Inc.</u>, 367 F.3d 473, 478 (5th Cir. 2004), *cert. denied*, <u>Irvin v. Hydrochem, Inc.</u>, 543 U.S. 976 (2004), (quoting <u>In re Transtexas Gas Corp.</u>, 303 F.3d 571, 581 (5th Cir. 2002)).  A motion filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  <u>Id.</u> at 479 (citing <u>Waltman v. Int'l Paper Co.</u>, 875 F.2d 468, 473 (5th Cir. 1989)(internal quotations omitted).  The United States Court of Appeals for the Fifth Circuit has held, however, that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  <u>Id.</u> (citing <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir. 1990).

---

    [1]This motion was filed within 10 days of the entry of the judgment as required by Rule 59(e).  <u>See Lavespere v. Niagara Machine & Tool Works</u>, 910 F.2d 167, 173 (5th Cir. 1990) (When a motion for reconsideration is filed within 10 days of the judgment, it should be treated as a motion to alter or amend under Rule 59(e).).

      The petitioner argues in his motion [12] that he has no "adequate remedy" because a civil lawsuit would take years to prosecute.  He further states that the "district court clearly erred creating a manifest injustice."  Having reviewed the complaint and the opinion [9] of this court, it is clear that there has been no manifest error of law or fact committed.  Additionally, this court finds that the petitioner has failed to present any newly discovered evidence which would change the outcome of this case. Therefore, this motion is hereby **denied**.

      SO ORDERED, this the   8th   day of September , 2008.

                                    s/ David Bramlettee
                                    UNITED STATES DISTRICT JUDGE